# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1328

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Thomas Wilson,　　　　　　　　　 *
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　Defendant - Appellant.　*

_____

Submitted: September 15, 2005
Filed: October 4, 2005

_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Wilson appeals his conviction for conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine, entered after the district court[1] denied Wilson's initial and amended motions to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d). Wilson filed his initial motion to withdraw, without supporting reasons, under Rule 11(d)(1), which provides: "A defendant may withdraw a plea of guilty . . . (1) before the court accepts the plea, for

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

any reason or no reason." The district court correctly concluded that Wilson knowingly and voluntarily waived this right. At his Rule 11 hearing, the district court explained to Wilson that to remain free until sentencing, he had to give up his otherwise "unconditional right to withdraw [his] plea," and Wilson agreed. See United States v. Stricklin, 342 F.3d 849, 850 (8th Cir. 2003) (affirming conviction based on waiver of Rule 11 right to withdraw guilty plea).

Wilson then filed an amended motion to withdraw based on new information that he argued would permit him to impeach two incriminating witness proffers in the government's case file. Under Rule 11(d)(2)(B): "A defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." Wilson did not offer a fair and just reason to withdraw his guilty plea, particularly where the factual basis recited by the government at the Rule 11 hearing and acknowledged by Wilson to reflect his participation in the conspiracy, did not include the disputed proffer testimony. See United States v. Morales, 120 F.3d 744, 748 (8th Cir. 1997) ("[M]iscalculat[ing] the strength of the government's case . . . . is not . . . a 'fair and just reason' for withdrawal of a guilty plea . . . .").[2]

Accordingly, the judgment is affirmed.

_____

[2]The government's brief urged that Wilson's waiver extended to the provisions of Rule 11(d)(2)(B) but on oral argument did not urge that contention in light of Morales. We need not decide that issue.